PRICE, Judge.
Mrs. Lillie Jones Evans, joined by her husband, brought this action for damages for personal injuries and related expenses sustained by Mrs. Evans in a fall on a stairway of her sister’s newly constructed townhouse in Shreveport. The defendants are: H & L Joint Venture, a partnership of Beal Locke and Associates, Inc. and T & H Inc., the builders of the house; Gentry & Holder Floors, the subcontractor for the stairway; and the liability insurers of these parties.
Plaintiffs’ demands against all defendants were tried by jury; whereas, the third party and reconventional demands of the defendants against each other were submitted by stipulation to the trial court. The jury rejected plaintiffs’ demands, and plaintiffs appeal. We affirm.
The accident happened around 10:00 p.m. on the night of January 1, 1975. Mrs. Evans, age seventy-one, was a guest in the home of her sister, Mrs. Henry E. Linam, at No. 6 Tealwood, a two-story townhouse recently purchased by Mrs. Linam from defendant, H & L. While ascending or attempting to ascend the stairway leading from the front foyer to the upstairs bedroom area, she fell striking the back of her head on a nearby table. A ten-year-old granddaughter of Mrs. Linam, Carmen Gray, who had preceded Mrs. Evans up the stairs heard the noise of the fall and awakened Mrs. Linam. They found Mrs. Evans face down at the foot of the stairs in an unconscious condition. As a result of the fall, Mrs. Evans sustained serious, permanent injuries.
Later in the evening of the accident, Mrs. Evans’ son, Allen Evans, Jr., discovered the nosepiece of the bottom step was cracked or broken and was being held in place by the carpet runner. The nosepiece is that portion of the outer edge of the tread on a step that protrudes beyond the vertical riser between three-fourths to one and one-half inches.
The primary issue on appeal as conceded by all parties is causation. Plaintiffs must prove causation for recovery under either strict liability or negligence. The question, therefore, is whether plaintiffs’ evidence is sufficient to prove Mrs. Evans fell from the bottom step because the nosepiece broke when she started to ascend the stairs. Since causation is dispositive of the case, we pretermit discussion of any other issues.
*1369 Plaintiffs postulate that Mrs. Evans’ fall resulted from the nosepiece giving way as she stepped on the bottom step which caused her to lose her balance and fall backward to the floor. Although plaintiffs have presented a substantial amount of direct evidence showing the break in the no-sepiece occurred because of faulty design and construction on the part of one or more of the defendants, their evidence relating to whether the defect caused Mrs. Evans to fall is entirely circumstantial.
When circumstantial evidence is relied on to establish causation in a tort action, the plaintiffs’ proof must exclude other reasonable hypotheses with a fair amount of certainty, so that it is more probable than not that the harm was caused by the tortious acts of the defendant. Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972).
In this case, Mrs. Evans could not testify whether she fell from the bottom step or a position further up the stairs. She could only remember starting up the stairs and seeing Carmen ahead of her almost to the second floor. Yet Carmen testified that she had already climbed the stairs, entered her bedroom, and crawled into bed when she heard a noise through the open door of her bedroom. She described the sound as beginning with a stumbling or rumbling, followed by a crack, and ending with a loud bump. Carmen testified Mrs. Evans was lying on her stomach at the foot of the stairs with her feet approximately six inches from the bottom step. Defendants contend that if Mrs. Evans was just starting up the stairs when she saw Carmen still on the stairs ahead of her, that by the time Carmen reached her bedroom and got into bed, Mrs. Evans must have ascended well past the bottom step at the time of her fall. Defendants further contend that the noise heard by Carmen, beginning with a rumbling and ending with a loud bump, suggests that Mrs. Evans fell down a number of steps before landing on the floor.
Supportive of defendants’ contention is the testimony of a neurosurgeon, Dr. Fred C. Boykin, who testified that in all probability the basalar skull fracture suffered by Mrs. Evans would not have been caused by a fall from the bottom step of a stairway, but more probably would have resulted from a fall of greater distance. He also testified the fracture to her wrist indicated an attempt to break a longer fall than from the bottom step.
To lend further support to the theory that the fall was not from the bottom step, defendants offered the testimony of a structural testing engineer who testified that a fall brought about by the break of the nosepiece on the bottom step would probably cause an elderly person to fall forward rather than backward.
There is also the testimony elicited under cross examination from an expert witness called by plaintiffs, that the nosepiece could have been slightly cracked on one end prior to this date, and that the weight of Mrs. Evans’ body striking it as she tumbled down the stairs could have caused it to sever completely.
In view of the foregoing evidence, the jury could have reasonably inferred that Mrs. Evans had ascended part way up the stairs or fell from other causes unrelated to a defect in the bottom step. Plaintiffs' evidence to the contrary is not strong enough to exclude these other reasonable hypotheses and to demonstrate the degree of manifest error necessary to justify reversal by this court under the standards set forth in Canter v. Koehring Company, 283 So.2d 716 (La.1973). For these reasons, the judgment is affirmed at appellants’ costs.